IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH KAISAM | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO.  JKB-16-1065 |
| | | |
| UNITED STATES IMMIGRATION | * | |
| & CUSTOM ENFORCEMENT (ICE) | | |
| Respondent. | * | |

*****

MEMORANDUM

On April 7, 2016, 2008, Joseph Kaisam, who is currently confined in the Maryland Division of Correction at the Jessup Correctional Institution ("JCI"),[1] filed a "motion to remove detainer or writ of mandamus…." Kaisam asks the court to compel the Bureau of Immigration and Customs Enforcement ("ICE") to release him from its detainer warrant.  He claims that although he was ordered removed in December of 2014, ICE cannot obtain the travel documents to repatriate him to Sierra Leone.  Kaisam maintains that "placing a holding detainer on [Kaisam is] stopping [him] from getting released."[2]  ECF No. 1.

Kaisam's action seeking to compel a federal agency to take action has been construed as a petition for writ of mandamus.  To the extent that he is seeking to compel ICE to remove the

---

[1] The state court docket shows that on September 10, 2015, Kaisam pled guilty to one count of second-degree assault on an agreed statement of facts and was sentenced to serve an 18-month term.  *See State v. Kaisam*, Case No. 23K15000134 (Cir. Ct. for Worcester County) (copy attached).

[2] Kaisam is presumably referring to a Department of Homeland Security ("DHS") detainer issued to the Warden at JCI pursuant to 8 C.F.R. § 287.7(a), which provides that:

> A detainer serves to advise another law enforcement agency that the Department [DHS] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien.  The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

detainer, he has no entitlement to such mandamus relief.  Title 28 U.S.C. § 1361 confers "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff."  Mandamus is an "extraordinary remedy," *Miller v. French*, 530 U.S. 327, 339 (2000), and should only be used in extraordinary circumstances.  *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987).  The conditions necessary for issuance of a writ of mandamus against federal officials are clear:  Kaisam must show that he has the clear and indisputable legal right to the relief sought; Respondent has a legal duty to do the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief he seeks; and the issuance of the writ will effect right and justice in the circumstances.  *See Kerr*, 426 U.S. at 403; *Cumberland County Hospital System, Inc. v. Burwell*, --- F.3d ---, ---, No. 15–1393, 2016 WL 860334, * 3 (4th Cir. 2016) (to show entitlement to mandamus relief, plaintiff must show, among other things, "clear and indisputable right to the relief sought" and respondent has "clear duty to do the specific act requested.").  The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361.  *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

      Kaisam fails to allege any facts suggesting that he has a clear right to the relief requested.  He has no private cause of action or mandamus to compel ICE action to remove him before the completion of his sentence.  *See United States v. Lopez*, 940 F. Supp. 920, 922 (E.D. Va. 1996) (immigration statute that affords federal authorities the discretion to deport aliens convicted of crimes prior to completion of their sentences, does not create a private cause of action to remove

prior to sentence completion). Kaisam's continued confinement until the completion of his term of incarceration does not violate the Constitution or laws of the United States, and he has no private right of action to compel his immediate removal or immediate consideration for removal prior to the completion of his term of incarceration.[3] *See Escobar v. U.S. Dept. of Justice*, No. Misc. 05-0048, 2005 WL 1060635 (E.D. Pa. May 5, 2005) (no cause of action to compel resolution of DHS detainer). For the aforementioned reasons, mandamus relief shall be denied.[4] A separate Order follows.

Date: April 15, 2016                                             /s/
                                                                        James K. Bredar
                                                                        United States District Judge

---

[3] There is no existing private right of action for immediate removal. *See, e.g., United States v. Marin-Castaneda*, 134 F.3d 551, 556 (3d Cir. 1998); *Thye v. United States*, 109 F.3d 127, 128-29 (2d Cir. 1997); *Koos v. Holm*, 204 F. Supp. 2d 1099, 1108-09 (W.D. Tenn. 2002).

[4] Although Kaisam did not file the civil filing fee or an in forma pauperis motion, he shall not be required to cure this deficiency.